**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MEGAN HARRIS** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CAUSE NO. 1:06CV251 LG-RHW** |
| | § | |
| **MVT SERVICES, INC.** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is the Motion for Partial Summary Judgment

[83] filed by Defendant MVT Services, Inc. ("MVT").  Plaintiff has responded and the

Defendant has replied.  After due consideration of the submissions and the relevant law, it is the

Court's opinion that the Motion should be granted.

DISCUSSION

This lawsuit involves an accident between a tractor-trailer and an automobile on

Mississippi Highway 53 at the Interstate 59 exit ramp.

Plaintiff's statement of facts reads in its entirety as follows:

On or about the 8th day of June, 2004, the Plaintiff, Megan Harris, was operating a
motor vehicle along Highway 53 in Pearl River County, Mississippi.  As the
Plaintiff was traveling along Highway 53, a motor vehicle being driven by Jorge
Garcia which was owned by Defendant, MVT Services, Inc., entered Highway 53
from the north bound exit ramp of Interstate 59 into the path of the vehicle being
driven by Megan Harris and collided with it (hereinafter "the Collision").

Plaintiff's claims against MVT are for negligence and gross negligence of its employee,

Jorge Garcia (Counts I and II).  In addition, Plaintiff asserts claims of "independent negligence"

and "independent gross negligence" against MVT for its violation of certain Federal Motor

Carrier Safety Regulations and alleged negligent entrustment, hiring, training, supervision, and

retention of Garcia (Counts III and IV).  It is important to note that Defendants concede that

Garcia was negligent in causing the accident and concede that MVT Services, Inc. is vicariously liable for its employee's negligence.  They assert, however, that they are entitled to summary judgment on all of the remaining claims.  For the reasons discussed below, the Court finds that the Defendant is entitled to judgment as a matter of law as to Counts II, III and IV of the Amended Complaint.

NEGLIGENT ENTRUSTMENT, HIRING, TRAINING, SUPERVISION, AND RETENTION

In addition to standard, state-law negligence claims of negligent entrustment, hiring, training, supervision and retention, Plaintiff alleges that Defendant's violation of certain provisions of the Federal Motor Carrier Safety Regulations ("FMCSR") is evidence of negligence per se.  Violation of the FMCSR does not, in and of itself, create a cause of action for an injured plaintiff.  *See, e.g., Stewart v. Mitchell Transportation*, 241 F.Supp. 2d 1216, 1220 (D. Kan. 2002); *Schramm v. Foster*, 341 F.Supp. 2d 536, 547 (D. Md. 2004).  However, violation of a federal statute can be evidence of negligence per se, provided the plaintiff can show that she was a member of the class sought to be protected under the statute, that her injuries were of a type sought to be avoided, and that violation of the statute proximately caused her injuries. *Gallagher Bassett Services, Inc. v. Jeffcoat*, 887 So.2d 777, 787 (Miss. 2004).  But "[a] finding of negligence per se does not end the inquiry - '[n]egligence per se supplies only the duty and the breach of a duty elements of a tort.'  The plaintiff must also prove that the breach of the duty proximately caused her damages." *Id*. (citations omitted).  In this case, it is unnecessary to examine whether Defendant's alleged violations of the FMCSR constitute negligence per se. The negligence claims against the Defendant should be dismissed because Defendant MVT has admitted the negligence of its employee and has admitted its own vicarious liability for its

employee's negligence.

Defendants have brought to the Court's attention the case of *Davis v. Rocor International*, No. 3:00cv864BN, slip op. (S.D. Miss. Dec. 19, 2001), in which a federal district court in this district examined claims identical to some of those at issue in this case.  Defendants argue that the similarity of the facts makes that case very persuasive authority with regard to Plaintiff's claims of MVT's negligent entrustment, hiring, training, supervision, and retention of Garcia.  In the *Davis* case, the court found that:

> In a case such as the one *sub judice* in which the employer acknowledges liability for the acts of its employee, a plaintiff does not have to depend upon the negligent entrustment doctrine to recover from the employer for his injuries as liability of the employer is already established if the plaintiff can prove negligence of the employee.  The need to show that the employer was negligent in having entrusted a motor vehicle to a driver it knew to be incompetent is obviated by the fact that the employer has admitted liability for any acts taken by that driver.

*Id*. at 18 (citations omitted).  The court found that the negligent hiring, training and/or retention claims should be dismissed for the same reasons, citing *Thacher v. Brennan*, 657 F. Supp. 6, 10 (S.D. Miss. 1986).  "[T]here is no need to show that the employer was negligent in hiring, training or retaining an employee in the event it concedes that it is liable for his actions."  *Davis* at 20.  The Court agrees with this analysis, and finds that the *Davis* court's conclusion should be applied to Plaintiff's claims of negligent entrustment, hiring, training and retaining against the Defendant.

Next, just as in this case, the plaintiffs in *Davis* argued that they had stated a separate cause of action against the employer to hold the employer directly liable for the employee's conduct.  The court stated that it "was unable to find, and was not cited to, any Mississippi case which allowed a plaintiff to recover damages on claims of negligent hiring, training or retention

in addition to those that resulted because of the negligent acts of an employee." *Id.* at 21.  At this

date, the state of the law in Mississippi on this issue remains the same.  In the absence of a

Mississippi case to the contrary, the Court concludes that the Defendant is entitled to judgment as

a matter of law on Plaintiff's claims of "independent negligence of MVT" and "independent

gross negligence of MVT" contained in Counts III and IV of the Amended Complaint.

P<small>UNITIVE</small> D<small>AMAGES</small>:

The Plaintiff asserts a claim of gross negligence against Defendant MVT for the actions

of its employee and requests punitive damages.  There is no right to punitive damages.  *Doe ex*

*rel. Doe v. Salvation Army*, 835 So.2d 76, 79 (Miss. 2003).  Only if certain statutory criteria are

met does the court undertake a determination of whether the issue of punitive damages should be

submitted to the jury.  *Id.*  The criteria are set out in M<small>ISS</small>. C<small>ODE</small> A<small>NN</small>. § 11-1-65(1)(d):

> Punitive damages may not be awarded if the claimant does not prove by clear and
> convincing evidence that the defendant, against whom punitive damages are
> sought, acted with actual malice, gross negligence which evidences a willful,
> wanton or reckless disregard for the safety of others, or committed actual fraud.

*Id.*  When deciding whether to submit the issue of punitive damages to a trier of fact, the trial

court looks at the totality of the circumstances to determine if a reasonable, hypothetical trier of

fact could find either malice or gross neglect/reckless disregard.  *Doe v. Salvation Army*, 835

So.2d at 81.  "The facts must be highly unusual as punitive damages are only awarded in extreme

cases."  *Gamble ex rel. Gamble v. Dollar General Corp.*, 852 So.2d 5, 15 (Miss. 2003) (citations

omitted).

Plaintiff makes the following allegations in support of her claim for punitive damages:

the driver was "in gross violation" of certain FMCSR provisions regarding driving without rest

"and other FMCSR mandates;" the driver could not adequately read, write or speak English; and the driver "pulled out in front of Plaintiff intending to drive over the island and go straight cross (sic) the intersection because he was lost and could not find a bathroom."  Pl. Am. Compl. 4; Pl. Resp. Memo. 26.  The Plaintiff refers generally to the depositions of Rustie Milam, Raul Garcia, JoJohn Vega, Jorge Garcia and George Martinez to support her factual allegations, but does not identify any specific testimony which supports her punitive damages claim.  Plaintiff is required to "identify specific evidence in the record, and to articulate the 'precise manner' in which that evidence support[s] [her] claim."  *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994), citing *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir.), *cert. denied,* 506 U.S. 825 (1992) and *Krim v. BancTexas Group, Inc.,* 989 F.2d 1435, 1443 (5th Cir. 1993).  "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment".  *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915 & n. 7 (5th Cir. 1992).  Nevertheless, the Court has reviewed the five depositions referred to by the Plaintiff; Jorge Garcia, the driver; Rustie Milam, the Safety Supervisor at the time of the accident; George Martinez, Ms. Milam's assistant; Raul Garcia, a previous Safety Director, and JoJohn Vega, Vice-President of Operations.  The Court finds no clear and convincing evidence within these depositions that Garcia, MVT's employee, acted with gross negligence evidencing a willful, wanton or reckless disregard for the safety of others.  According to Garcia's testimony, he had exited the Interstate looking for a bathroom, did not see one off of Highway 53, and started across Highway 53 to get back on the Interstate.  Def. Exh. "A" 74.  He was moving across Highway 53 at about 5 miles per hour when Plaintiff's vehicle struck the rear truck axle.  *Id.* at 72, 74.  He had not seen her vehicle when he started across the Highway.  *Id.* at 74.  The

remaining depositions contain no testimony relevant to the facts and circumstances of the accident.  Plaintiff has therefore not shown facts which meet the statutory criteria governing punitive damages in Mississippi.  Instead, this appears to be an ordinary negligence case involving a careless driver, not a wanton or reckless driver.  The Defendant is therefore entitled to judgment as a matter of law as to Plaintiff's claim for punitive damages.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendant's Motion for Partial Summary Judgment [83] is **GRANTED**.  Plaintiff's claims against the Defendant in Counts II, III and IV of the Amended Complaint are **DISMISSED.**

**SO ORDERED AND ADJUDGED** this the 5th day of September, 2007.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE